IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL DILLON | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv214 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Michael Dillon, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner filed this petition requesting to be assigned to home confinement to complete his sentence pursuant to 18 U.S.C. § 3624(c)(2). Petitioner asserts that he has completed approximately eighty percent of his sentence and his custodial classification is "low." Petitioner also asserts that he has employment opportunities if he is released, and he has medical risk factors warranting his release.

The Respondent's Motion

The respondent was ordered to show cause why relief should not be granted. In response, the respondent has filed a motion to dismiss or, in the alternative, motion for summary judgment. The respondent asserts that the BOP has sole discretion to designate inmates eligible for home confinement. Additionally, the respondent contends the BOP properly exercised its statutory authority. Accordingly, the respondent states the petition should be denied in all respects.

<u>Analysis</u>

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a prisoner "is in custody under or by color of the authority of the United States or is committed for trial before some court thereof" or "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) and (3). Section 2241 is the proper vehicle to attack the manner in which a sentence is being executed. *Ojo v. INS*, 106 F.3d 680,683 (5th Cir. 1997).

The BOP has the authority to release a prisoner to home confinement for the shorter of 10% of the term of imprisonment or six months under 18 U.S.C. § 3624. The Coronavirus Aid, Relief, and Economic Security Act (the CARES Act, P.L. 116-136) authorized the Director of the BOP to lengthen that amount of time. *See Livas v. Myers*, 2:20cv422, 2020 WL 1939583, at *6 (W.D. La. Apr. 22, 2020). However, nothing in the CARES Act grants prisoners the right to serve the remainder of their sentences in home confinement, it merely lengthens the amount of time during which the BOP has the discretion to allow it. *See United States v. Williams*, 2:12-CR-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020); *Beaird v. Brown*, 3:07cv2077, 2008 WL 474119, at *3 (N.D. Tex. Feb. 21, 2008) ("There simply is no constitutional right to placement on home confinement at any time during a term of imprisonment."). Further, a request for compassionate release is not cognizable in a § 2241 petition because it concerns the medical needs of a prisoner, not unconstitutional or illegal confinement. *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009). Therefore, petitioner has failed to state a claim upon which habeas relief may be granted.

Additionally, it is well settled that a prisoner has no constitutional right or protected interest in his custodial classification and thus has no right to be housed in a particular cell or facility. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). If the petitioner wishes to pursue a sentence reduction, he may do so by filing a motion to reduce sentence under 18 U.S.C. § 3582(c) in the sentencing court. Accordingly, the respondent's motion to dismiss should be granted, and this petition should be dismissed.

Recommendation

The respondent's motion to dismiss or, in the alternative, motion for summary judgment should be granted. The above-styled petition for writ of habeas corpus should be dismissed without prejudice.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 25th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge